HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY CO.,<br><br>Defendant**.** | CIVIL ACTION NO.  2:14-cv-1488-MJP<br><br>JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF |

## I.   EEOC POSITION

### A.  INTRODUCTION

An injunction is necessary to prevent future discrimination at BNSF because it has failed to demonstrate good faith efforts to implement policies and practices to prevent and correct discrimination based on disability.  To ensure that Defendant complies with the ADA and does not discriminate against people with ADA-defined "disabilities," the Court should direct BNSF to revise and make good faith efforts to implement its "EEO" and disability procedures to give full effect to the ADA.

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 1 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

The ADA was enacted to insure that individuals are not excluded from job opportunities unless they are actually unable to do the job and to prevent employers from excluding capable applicants based on bias, assumption, speculation and stereotypes. "[T]he continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity." 42 U.S.C. § 1201 ("Findings and Purpose").

### B. LEGAL AUTHORITY

The ADA incorporates the full range of injunctive relief under Title VII to prevent future discrimination as set forth at 42 U.S.C. § 2000e-5(g). *See* 42 U.S.C. § 12117(a). The Supreme Court has reminded trial courts that they have "not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). Once a violation of a statute is proven, the defendant must demonstrate that there is no reasonable expectation that the wrong will be repeated; a failure to do so renders an injunction mandatory. *U.S. v. W.T. Grant Co.*, 345 U.S. 633 (1953); *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1519 (9th Cir. 1989). In determining whether or not to order equitable relief, a court must determine whether there is a "cognizable danger of recurrent violations." *EEOC v. General Lines*, Inc., 865 F.2d 1555, 1565 (10th Cir. 1989); *see also James v. Stockham Valves and Fitting Co.*, 559 F.2d 310, 354 (5th Cir. 1977) ("absent clear and convincing proof of no reasonable probability of further noncompliance with the law a grant of injunctive relief is mandatory").

Injunctive relief is appropriate even where the defendant is not presently engaged in

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 2 of 15

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

discriminatory conduct because "an employer that takes curative actions only after it has been sued fails to provide sufficient assurances that it will not repeat the violation to justify denying an injunction." *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1544 (9th Cir. 1987).

### C. INJUNCTIVE RELIEF IS APPROPRIATE

A clear basis for equitable relief exists here. BNSF cannot disprove the reasonable expectation that it will repeat practices that this Court found violate the ADA. BNSF is one of North America's leading freight transportation companies.[1] It has over 48,000 employees, operates in 28 states and, in 2014, had a total operating revenue of about $23 billion dollars.[2] Its current practices could potentially impact thousands of applicants each year.

### 1. BNSF's Admitted Practice Contradicts this Court's Order

BNSF previously moved the Court to reconsider its Order finding discrimination, stating that it would "require a fundamental reordering of the post-offer medical-examination process…" Dkt.# 124 at p. 4 ln. 10-11. BNSF argued that "BNSF and every other employer who uses post-offer medical examinations will be compelled to pay all costs associated with every follow up question." *Id*. at p. 6 ln. 18 to p.7 ln. 13  It urged that the discrimination finding would have a "sweeping impact" on BNSF. Dkt.# 124 at p. 7 ln. 9.

BNSF admits that follow-up information will inevitably be directed at applicants who have conditions that "do or may fit the definition of an ADA 'impairment'." Dkt. # 124 at p. 6 ln. 20-7 ln 2; Dkt.# 98 at p. 14 ln. 6-9.[3] BNSF also admits, "[t]he Court ruled that BNSF was wrong essentially about who had the burden of proof when determining whether Holt was

---

[1] http://www.bnsf.com/about-bnsf/pdf/fact_sheet.pdf
[2] http://www.bnsf.com/about-bnsf/our-people/; *see also* Hoover's Company Records regarding BNSF, previously filed as Dkt. # 35-1.
[3] "follow-up examinations and inquiries necessarily concerns requests that will *only* be made of applicants with medical conditions…" Dkt.# 91 at p. 17 ln. 1-2.

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 3 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

medially qualified," Dkt.# 143 at p. 3 ln. 21-23. **"BNSF believed that the ADA allows it…to treat applicants as presumptively *not* medically qualified until the medical examination is completed, and thus to end the medical without a qualification decision if the applicant does not provide the requested information."** Dkt.# 143 at p. 4 ln. 13-16 (emphasis added). BNSF further confirms its practice by providing the declaration of Dr. Michael Jarrard, who indicates that it is BNSF's current practice to assume that applicants are presumptively medically unqualified (as distinguished from otherwise qualified). Jarrard Declaration, Dkt. # 143-3 at ¶ 3. Dr. Jarrard believes that it is permissible for BNSF to halt the process based on an applicant failing to provide requested information. *Id*. Dr. Jarrard states that it is his practice is to treat all applicants as "undetermined" until BNSF determines the process is completed, and if an applicant is unable to provide the follow-up information it is permissible for BNSF not to hire them because their status could not be determined. Jarrard Declaration, Dkt. # 143-3 at ¶ 4.[4]

This scheme fences out otherwise qualified applicants, who must go to extra lengths to prove their abilities. Defendant persists in these assumptions based on unfounded fears and stereotypes, which is exactly what Congress intended to eradicate with passage of the ADA. *See* 29 C.F.R. Pt. 1630, App. § 1630(2)(l) ("regarded as" prong of definition of disability was "originally intended to express Congress's understanding that 'unfounded concerns, mistaken beliefs, fears, myths, or prejudice about disabilities are often just as disabling as actual impairments, and [its] corresponding desire to prohibit discrimination founded on such perceptions.") (*citing* 2008 Senate Statement of Managers at 9; 2008 House Judiciary Committee Report at 17; *Sch. Bd. of Nassau Cnty., Fla. v. Arline,* 480 U.S. 273, 284 (1987)). As this Court

---

[4] Dr. Jarrard is the Assistant Vice President of Medical and Environmental Health Department ("Department"). He is the Chief Medical Officer and head of the Department. Dkt. 143-3 at ¶ 2. The Department is responsible for the medical-qualification evaluations and decisions for new hires. *Id.*

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 4 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

ordered, if BNSF believes that follow up information is necessary to determine if a candidate may pose a direct threat, it should be obligated to complete the hiring process even if Defendant absorbs the associated costs. Dkt.# 122 at p. 18 ln. 12-18.

BNSF insists that the Court's order will require fundamental changes to its entrenched medical examination procedures. But the Court concluded that those very practices, applied to Russell Holt, violated the ADA. BNSF's Motion for Reconsideration suggests no willingness to adapt, rendering injunctive relief all the more necessary to guarantee compliance with the law.

### 2. BNSF's Admitted Practice Contradicts this Court's Order

To ensure that BNSF complies with the ADA and does not discriminate against qualified applicants with ADA-defined disabilities, EEOC requests the Court to permanently enjoin BNSF and its contractors who perform medical evaluations on applicants from engaging in any employment practice that discriminates based upon "disability," including: (1) revising anti-discrimination policies and medical screening procedures such that BNSF does not treat applicants as if they have declined a position when in fact they have not; (2) refusing to continue the medical screening process when an applicant communicates to BNSF he or she cannot obtain the information BNSF is seeking, either for financial or other reasons; (3) training its Legal Staff, Human Resources staff, Medical and Environmental Health staff, management personnel, supervisors, employees and any contractor who performs medical evaluations on applicants for BNSF concerning these policies and procedures and the federal law prohibiting disability discrimination; (4) posting appropriate notices informing employees of BNSF's obligations under the Court's injunction; and (5) reporting on compliance to the EEOC, including whether it received other claims of failure to hire and how those claims were resolved.

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 5 of 15

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

**II.   BNSF Position:**

This case involves an EEOC claim on behalf of a single individual. The Court described the violation it found as an issue of first impression. There was no malice or reckless indifference to his rights. BNSF asks the Court to exercise its discretion to deny injunctive relief.

**1. EEOC misstates the law and fails to show an entitlement to any injunctive relief.**

EEOC, citing several older cases, argues that an injunction is mandatory unless BNSF proves that there is no danger that the violation the Court found will be repeated. None of those cases involves the ADA—all are race or sex discrimination cases. That matters because race and sex discrimination differ from disability discrimination. Rarely is any consideration of race or sex in employment permissible. Disability is more complicated and frequently is properly considered to one degree or another in employment relationships, as evidenced by the ADA's medical-evaluation (and reasonable-accommodation) provisions. Thus, holdings in race and sex cases are not necessarily transferrable to disability cases on all issues. *See, e.g.*, *EEOC v. v. Burlington Northern Santa Fe R.R.*, 669 F.3d 1154, 1158 (10th Cir. 2012) (declining to apply race-discrimination caselaw to scope of EEOC investigation of ADA claim).[5]

Beyond that, the Supreme Court has recently emphasized that, unless a statute clearly says otherwise, whether to grant permanent injunctive relief is determined by traditional equitable principles, the plaintiff has the burden of proof, and there is no thumb on the scale in favor of an injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.");[6] *cf. Desert Palace, Inc. v.*

---

[5] That point also is evident in EEOC's quotation from *Albemarle* where in describing the court's "duty" to render an appropriate decree (although still not necessarily an injunction) EEOC omits the Supreme Court's critical lead-in phrase, "Where racial discrimination is concerned…." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975).
[6] *Accord Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 157-58 (2010) ("An injunction should issue only if the traditional four-factor test is satisfied… In contrast, the statements quoted above appear to presume that an injunction is the proper remedy for a NEPA violation except in unusual circumstances. No such thumb on the scales is warranted…. It is not enough for a court considering a request for injunctive relief to ask whether there is a good reason why an injunction should not issue; rather, a court must determine that an injunction should issue under the

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 6 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

*Costa*, 539 U.S. 90, 99 (2003) (normal rules apply under Title VII in the absence of statutory language otherwise). Consequently, because the earlier Ninth Circuit cases EEOC cites[7] were not ADA cases and, in any event, are inconsistent with recent Supreme Court cases, the Court should rule that EEOC may obtain injunctive relief *only* by satisfying traditional equitable principles. *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc) (intervening higher authority controls); *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 791 (9th Cir. 2009) (later Supreme Court decision effectively overruled Ninth Circuit case). Specifically:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc.*, 547 U.S. at 391. EEOC has made no effort to satisfy that test.[8]

Nor could EEOC meet the test. There is no evidence that the injury EEOC claimed was irreparable or that monetary relief is inadequate. That EEOC cannot satisfy the other two factors is evident from the nature of the violation the Court found. The Court has said that what happened here was essentially a "misunderstanding" and that although BNSF's conduct constituted disparate treatment, there was no malice, reckless indifference, or knowing violation of the law. That is hardly the type of situation where the balance of equities or the public interest demands a permanent injunction.

**2. EEOC's arguments under its standard are mistaken and counter-factual.**

EEOC's reference to BNSF's size glosses over that this case involves one applicant for one position—Senior Patrol Officer ("SPO"). The evidence is that BNSF's medical-evaluation

---

traditional four-factor test set out above."); *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 192-93 (2000) ("[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law.").

[7] *U.S. v. W.T. Grant Co.*, 345 U.S. 629 (1953) also does not support EEOC's statement. *See id.* at 633 ("the moving party must satisfy the court that [injunctive] relief is needed"). The part of the case putting the burden on the defendant concerned an argument that the case was moot, not injunctive relief.

[8] The relief provisions under Title VII are subject to the Supreme Court rule because Title VII makes equitable relief discretionary rather than dictating injunctive relief. 42 U.S.C. § 2000e-5(g)(1) (court "may enjoin the respondent").

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 7 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

process for that position differs from other positions and that the occurrence here was "very rare" if not unique.[9] Even if it was the same process, a one-size-fits-all standard is not narrowly tailored given the focus here on the SPO position.

EEOC's argument about BNSF's motion for reconsideration (supra, pp. 3-4) is difficult to follow and otherwise wrong. First, BNSF's statements about a "fundamental reordering" were made when BNSF believed the Court had held that an employer must pay for all follow-up information requested from an applicant. The Court has since clarified that BNSF was incorrect. Moreover, BNSF never said it would not follow the Court's ruling, and EEOC's suggestion that seeking reconsideration or that the existence of a legitimate disagreement on a point of law somehow bolsters a need for injunctive relief is mistaken. To the contrary, those factors—and that the violation the Court found was not a knowing one committed with malice—weigh against injunctive relief, not in favor of it.

Second, it is not clear what EEOC's issue is with BNSF's statement that follow-up information typically will be requested from those who do or may fit the definition of an ADA impairment. That fact is self-evident from the very EEOC guidance permitting follow-up requests when medically related to previously disclosed information. Of course, that previously disclosed information is likely to relate to a medical issue, which may or may not meet the impairment definition. But that has nothing to do with EEOC's request for an injunction. The Court said that such requests are permitted. EEOC seems to again be arguing from a liability theory the Court did not accept.

Third, EEOC writes critically about BNSF's statements concerning its decisionmaker's lack of knowledge of an ADA violation and belief that applicants are presumptively not medically qualified (as distinguished from otherwise qualified, which of course they are because

---

[9] Kowalkowski Dep. (BNSF Ex. A) at 43-45, 49-50, 77, 83, 118-19, 125-26 (explaining the specific exams used for SPO position and how they differ from state to state), 163-64 ("very rare" for SPO to be asked for MRI and Holt is only person he recalls who said he could not pay); Jarrard Dep. (BNSF Ex. B) 10-12, 52-54, 88-89, 109, 111-12, 186-89 (discussing SPO process), 210-11 (discussing MRIs).

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 8 of 15

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

they received a conditional offer). EEOC asserts that the approach "fences out otherwise qualified applicants" (though the agency does not mention applicants *with ADA-covered disabilities*) and that BNSF's approach is based on "unfounded fears and stereotypes." EEOC's statements are puzzling. It appears that the agency is persisting in the misconception that BNSF's counsel corrected at the final pretrial conference. That is, EEOC acts as though BNSF said it believed that only *applicants with impairments* are presumptively not medically qualified, as though BNSF sets special hurdles for applicants with impairments. That is not at all what BNSF said. It said the opposite. *All* applicants who receive conditional offers must go through the medical-evaluation process and are not presumed to be *medically* qualified, unlike employees, whose actual performance of the job can demonstrate their presumptive medical qualification. Again, EEOC's point is unclear, but its arguments do not support injunctive relief.

### 3. The Court should reject EEOC's injunction request as procedurally deficient.

An injunction must be specific, describe the prohibited conduct in reasonable detail, and provide fair notice of the prohibited conduct. Fed. R. Civ. P. 65(d); *Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. 2000). An injunction must be narrowly tailored to the specific harm at issue.[10] Yet EEOC has made no reasonable effort to tailor its request to this case or to cabin it to a plausibly permissible injunction. In addition to seeking a general, disfavored "obey-the-law" injunction, the agency makes things worse by adding "including" followed by several equally opaque and overbroad requests to which BNSF cannot reasonably respond (and EEOC cannot now clarify in its reply because BNSF would not be able to respond). Nor should BNSF have to point out every instance of overbreadth and thus write the injunction against itself. But as examples BNSF notes the following: (a) EEOC does not sufficiently describe the requested training and includes legal staff, human resources staff, "management personnel," supervisors, employees, and contractors performing medical evaluations on applicants even though the

---

[10] *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 840 (9th Cir. 2014); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010).

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 9 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Court's decision focused on one decision involving one or two people in one department and, as the agency itself notes, BNSF has 48,000 employees; (b) on "posting appropriate notices," EEOC does not say what would be "appropriate," where such notices would be posted, or how in this applicant case posting for *employees* makes any sense other than being punitive; (c) in asking for "reporting on compliance" EEOC does not say how, when, or where reports would be made or what would be included except for "other claims of failure to hire," which goes well beyond this case. And none of the requests has a temporal limit. Neither BNSF nor the Court should have to spend time determining what exactly EEOC is asking for or taking such generalized requests and turning them into appropriately tailored ones. BNSF asks the Court to deny EEOC's injunction request as procedurally deficient.

**4. The Court should reject EEOC's injunction request as substantively deficient.**

In addition to the problems just described with items (3)-(5), the other items EEOC lists also are not appropriate candidates for injunctive relief. First, "obey-the-law" injunctions are generally disfavored,[11] which should be especially the case under the ADA where individualized decisions are the norm. Second, EEOC's "obey-the-law" proposal goes far beyond the scope of *this* case, applying to *any* discrimination based on disability. Such a broad injunction could be seen as giving this Court ongoing supervisory power over BNSF, permitting (or requiring) any person to invoke this Court's jurisdiction to hear *any* ADA claim brought against BNSF arising from *anywhere* in the country involving *any* position and *any* fact pattern, despite the normal required administrative exhaustion and that this case did not involve a class, a pattern-or-practice theory, or multiple claimed aggrieved individuals. For that reason, any injunction should be limited to the Western District of Washington and the specific job at issue in this case. *AutoZone*, 707 F.3d 824, 842-43; *Gala AZ*, 2012 WL 3704697, at *4.

---

[11] *E.g., EEOC v. AutoZone, Inc.*, 707 F.3d 824, 842-43 (7th Cir. 2013) (discussing problems but ultimately permitting closely limited obey-the-law injunction because of employer's longstanding intransigence, reprehensible conduct, and "knowing disregard for the underlying purpose of the ADA"); *EEOC v. Gala AZ Holdings, Inc.*, 2012 WL 3704697, *4 (D. Ariz. 2012) (rejecting reliance on *Goodyear* for obey-the-law injunction.

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 10 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Third, barring BNSF in all scenarios from treating applicants as though they declined a position when they did not goes too far. What if there is no actual or perceived impairment? What if an applicant simply fails to respond to BNSF's initial instructions to complete a medical questionnaire or appear for medical testing?

Fourth, an injunction against "refusing to continue the medical screening process when an applicant communicates to BNSF that he or she cannot obtain the information BNSF is seeking, for financial or other reasons" is both overbroad and fails to give fair notice of the conduct prohibited. EEOC's proposal is not limited to follow-up medical requests, to requests specifically for an MRI as involved in this case, or to applicants with ADA-covered disabilities. Moreover, EEOC's proposal assumes illegal conduct in factual situations this Court did not address but that may be covered by EEOC's proposal. For one, the Ninth Circuit has stated that employers can terminate the process when an applicant is dishonest. *See Leonel v. American Airlines, Inc.*, 400 F.3d 702, 709 n.13 (9th Cir. 2003) ("We do not suggest that, when a medical examination is conducted at the proper time and in the proper manner, an applicant has an option to lie, or that the employer is foreclosed from refusing to hire an applicant who does."). There are others. Would BNSF risk contempt if the applicant communicated as his "financial…reason" that he could not afford to provide the test results because he was about to place a down payment on a boat? Or what if the applicant's "other…reason" was a privacy objection, claustrophobia when getting an MRI, a fear of medical procedures generally (so-called "white-coat syndrome"), or that he believed only in natural medicine? BNSF does not understand the Court's ruling to have considered those situations one way or the other. EEOC's proposed injunction sweeps far too broadly and imprecisely. No injunctive relief at all is warranted.

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 11 of 15

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

### III.   EEOC Reply to BNSF's Position:

Title 42 U.S.C. § 12117(a) makes injunctive relief available under the ADA by incorporating the remedies of § 2000e-5 of Title VII.  BNSF cannot persuasively argue that the injunctive relief provisions adopted *in whole* from Title VII implicate a separate standard of proof when applied to the ADA.  Instead, BNSF cites inapposite cases, unrelated to employment discrimination, to urge a standard that does not apply here.[12]  This is an employment discrimination case with burdens imposed by statute.  Defendant cites to only one case which deals with an injunction after a finding of employment discrimination, *EEOC v. Autozone*, *Inc.*, 707 F.3d 824 (7th Cir. 2013).  After a jury found that the employer violated the **ADA**, the Court in *Autozone imposed* injunctive relief.  *Autozone* emphasized the same legal authority (including Title VII cases) supporting imposition of injunctions that EEOC cites in its initial statement.  *Id*. at 840-843.  The standard in this context is clear:

> To grant an injunction, a court must consider "whether the employer's discriminatory conduct could possibly persist in the future." Bruso, 239 F.3d at 864. Because the determinative judgment is about the employer's potential future actions, the **EEOC need not prove that the employer previously engaged in widespread discrimination, and "injunctive relief is appropriate even where the [EEOC] has produced no evidence of discrimination going beyond the particular claimant's case."** *EEOC v. Ilona of Hungary, Inc.,* 108 F.3d 1569, 1578 (7th Cir.1997). **The burden then falls on the employer to prove that the discrimination is unlikely to continue**, and unless the employer can show that the claimant's case is

---

[12]  Defendant argues that the EEOC has the burden of satisfying a four-part test to obtain permanent injunctive relief but its cited cases do not involve the statutory enforcement scheme of Title VII that is expressly incorporated into the ADA.  While *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) applies *"principles of equity,'"* *id*. at 1839, and ADA injunctions are among equitable remedies available to the court, non-ADA and non-Title VII cases should not guide the court here.  *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010), involved an enforcement scheme under the Endangered Species Act, 16 U.S.C. § 1531, *et seq,* and *Friends of the Earth, Inc. v. Laidlaw Envt'l. Svcs., Inc.*, 528 U.S. 167 (2000) involved the Clean Water Act, 33 U.S.C. § 1342(a)(1).  Defendant has cited no applicable case to challenge the holding in *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1519 (9th Cir. 1989), that an employer may avoid an injunction only if it shows (as BNSF fails to do) there is no reasonable expectation that the wrong will be repeated.  *See also EEOC v. Creative Networks*, LLC, 912 F.Supp.2d 828, 846 (D. Ariz. 2012).

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 12 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

"somehow different from the norm, evidence that would establish a prima facie case for [the claimant] serves the same function for the entire class of individuals on whose behalf the EEOC seeks relief." *EEOC v. United Parcel Serv.,* 94 F.3d 314, 3318 (7th Cir. 1996).

*         *         *

In the specific context of employment-discrimination actions, the district court has broad statutory authority to fashion appropriate remedies, including injunctive relief, for proven violations of the anti-discrimination laws. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421 [](1975) (Title VII confers broad remedial authority on the court to fashion appropriate equitable relief)… . We have also held that injunctive relief addressed more generally to "the *type* of discrimination proven by a particular plaintiff" does not require "evidence of a pattern or practice of similar conduct," but it *does* require the court to assess whether the proven "discriminatory conduct could possibly persist in the future." *Id.* (emphasis added).

*Autozone* , 707 F.3d at 840-841 (emphasis added).  Thus, there is no four-factor test, and BNSF cannot prove its conduct will not recur.  An injunction, as outlined with specifics in EEOC's initial statement, is appropriate and should apply broadly to an employer that admits, without any geographic or position-related qualifiers, that it "treat[s] applicants as presumptively not medically qualified." Dkt. #143 at p. 4.[13]

RESPECTFULLY SUBMITTED this 4th day of February, 2016.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| Roberta Steele | P. David Lopez |
| Regional Attorney | General Counsel |
| | |
| John F. Stanley | James L. Lee |
| Supervisory Trial Attorney | Deputy General Counsel |

---

[13] BNSF does not claim to have changed its current practices of treating applicants as having declined a conditional offer because he/she cannot provide the requested medical information, which argues strongly for nation-wide injunctive relief not just limited to the patrol officer position. This Court should also not accept BNSF's exaggerated assertions that it will never be permitted to reject an applicant.  A legitimate, non-discriminatory reason for rejecting an applicant is a defense to future ADA claims.

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 13 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

| | |
|---|---|
| Teri L. Healy<br>Senior Trial Attorney | Gwendolyn Y. Reams<br>Associate General Counsel |
| Damien Lee<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, NE<br>Washington, D.C. 20507 |

BY:   *s/ Teri L. Healy*
        _____
         *Attorneys for Plaintiff EEOC*


BY: */s/Kenneth Diamond*
Kenneth J. Diamond #27009
WINTERBAUER & DIAMOND, PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Teleph. (206) 676-8440
ken@winterbauer.com


BY: */s/Bryan P. Neal*
Bryan P. Neal (*Pro Hac Vice*)
Stephen F. Fink (*Pro Hac Vice*)
THOMPSON & KNIGHT, LLP
1722 Routh St., Suite 1500
Dallas, TX 75201
Teleph. (214) 969-1762
bryan.neal@tklaw.com


Attorneys for Defendant

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 14 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2016, I electronically filed the foregoing document titled **"JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF"** with the Clerk of the Court using the CMF/ECF system, which will send notice of such filing to the following individuals listed below:

Kenneth J. Diamond
Winterbauer & Diamond, PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
ken@winterbauer.com

Bryan P. Neal (*Pro Hac Vice*)
Stephen F. Fink (*Pro Hac Vice*)
Thompson & Knight, LLP
1722 Routh St., Suite 1500
Dallas, TX 75201
bryan.neal@tklaw.com
Stephen.fink@tklaw.com

Attorneys for Defendant BNSF Railway Co.

*/s/ Teri L. Healy*
Senior Trial Attorney, EEOC

JOINT SUBMISSION REGARDING INJUNCTIVE RELIEF-2:14-cv-1488-MJP
Page 15 of 15

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington  98104-1061**
**Telephone:  (206) 220-6883**
**Facsimile:  (206) 220-6911**
**TDD:  (206) 220-6882**