UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | CASE NO. C14-1488 MJP<br><br>ORDER RE POST-APPEAL DISCOVERY AND CASE SCHEDULE |

On March 14, 2016, this Court issued an Order on Injunctive Relief granting a permanent injunction against Defendant which required the company, once it had determined a need for additional medical information regarding n applicant who had received a conditional job offer, to either bear the cost of procuring the additional information or use the information available to make a definitive decision regarding the applicant's medical qualifications for the position offered. The injunction further required Defendant, if it determined not to hire an applicant because the applicant was not medically qualified for the position, to provide a written

explanation to the applicant of the basis for the "medically unqualified" determination. Dkt. No. 160, Order on Injunctive Relief at 4-5.

Defendant appealed the order. That appeal resulted in an opinion from the Ninth Circuit which agreed with this Court's decision and held that an injunction was appropriately entered. However, the appellate court further found that "the district court did not make factual findings or articulate its reasoning" regarding the scope of the injunction and remanded the matter "for the district court to make further factual findings in order to establish the proper scope of the injunction." Dkt. No. 176, Order and Amended Opinion at 27-28.

The mandate finalizing that order was issued on December 4, 2019. Dkt. No. 182. In response, this Court issued a minute order (Dkt. No. 183) directing the parties to file an updated status report, which status report was filed on December 20, 2019. Dkt. No. 185.

The parties' positions regarding the status of the case could hardly be more divergent. Defendant insists that developments following the issuance of the Ninth Circuit's opinion either moot the action and require this Court to dismiss the entire matter or entitle Defendant to file a motion pursuant to FRCP 60(b) seeking relief from the final injunctive order. Id. at 4-6. Plaintiff opposes Defendant's arguments and requests a limited amount of discovery, followed by the filing of proposed findings of fact and conclusions of law regarding the scope of the injunction.

The Court agrees with Plaintiff: Defendant's request regarding dismissal and/or a Rule 60(b) motion is outside the scope of the Ninth Circuit's mandate, which is the operative document before this Court and must determine the parameters of the next steps to be taken. Accordingly, this Court ORDERS:

1. A discovery period commencing on the date of this order and concluding on March 15, 2020, regarding which:

a. Discovery shall be limited in scope to evidence concerning Defendant's practices in effect from the date the injunction was entered to the present and shall be directed toward the appropriate scope of the injunction, <u>not</u> the relitigation of liability (which the Court considers settled by the Ninth Circuit opinion);

b. Discovery shall consist of no more than five interrogatories, five requests for admission, and five request for production of documents from each side, as well as no more than three depositions per side. The parties are ordered to cooperate with one another in the scheduling of depositions and the production of substantive responses to discovery requests, and the entire discovery process must conclude by March 15, 2020;

c. Any discovery disputes must be brought before the Court using the "unified pleading" format outlined in Local Rule 37.

2. Each side shall file proposed findings of fact and conclusions of law related to the scope of the injunction by no later than April 15, 2020.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 2, 2020.

Marsha J. Pechman
United States Senior District Judge