UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | CASE NO. C14-1488 MJP<br><br>ORDER ON MOTION FOR RECONSIDERATION |

On January 2, 2020, this Court entered an Order re: Post-Appeal Discovery and Case Schedule. Dkt. No. 186. In that order, the Court commented on the divergent positions taken by the parties regarding how to proceed in the wake of the Ninth Circuit's order remanding the matter—Plaintiff requesting limited discovery and a briefing schedule limited to the issue which was remanded by the appellate court; Defendant arguing that "developments following the issuance of the Ninth Circuit's opinion either moot the action and require this Court to dismiss the entire matter or entitle Defendant to file a motion pursuant to FRCP 60(b) seeking relief from the final injunctive order." Id. at 2. The Court concluded:

The Court agrees with Plaintiff: Defendant's request regarding dismissal and/or a Rule 60(b) motion is outside the scope of the Ninth Circuit's mandate, which is the operative document before this Court and must determine the parameters of the next steps to be taken.

Id., at 2.

In spite of this language indicating that Defendant's position exceeded the bounds of the authority granted to this Court by the Court of Appeals, Defendant (reasoning "[t]he Court did not order or direct BNSF *not* to file its contemplated motions"; Dkt. No. 187 at 3, emphasis in original) has now moved for permission to file the motions which this Court has already ruled are "outside the scope of the Ninth Circuit's mandate."

The Court sees no alternative but to treat this as a motion for reconsideration under Local Rule 7(h), requesting this Court to reconsider its stated position in light of some manifest legal error or newly developed facts or authority. Such a motion is not only explicitly "disfavored," but must be brought "within fourteen days after the order to which it relates is filed." LCR 7(h)(2). The original order was filed on January 2; the deadline for a motion for reconsideration would have been January 16. Defendant's motion was filed on January 28. Wherefore,

IT IS ORDERED that Defendant's motion is DENIED as untimely.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 30, 2020.

Marsha J. Pechman
United States Senior District Judge