UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | CASE NO. C14-1488 MJP<br><br>ORDER ON MOTION FOR RECONSIDERATION |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion for Reconsideration and Suggestion of Mootness (Dkt. No. 189),

2. EEOC's Opposition to Defendant's Motion for Reconsideration and Suggestion of Mootness (Dkt. No. 195),

all attached declarations and exhibits, and relevant portions of the records, rules as follows:

IT IS ORDERED that the motion for reconsideration is GRANTED. Defendant will file its briefing on the issues of mootness and FRCP 60(b) relief by no later than **May 14, 2020**;

Plaintiff's response will be due by **June 1, 2020** and Defendant's reply will be due by **June 5, 2020.**

IT IS FURTHER ORDERED that, within 10 days of the ruling on Defendant's motion (in the event that the case is still active), the parties will submit a joint status report with a proposed case schedule for responding to the Ninth Circuit mandate.

**Background**

On January 18, 2016, this Court granted summary judgment to the EEOC (Dkt. No. 122) and thereafter issued a permanent injunction prohibiting BNSF from employment application practices which were found to be in violation of the Americans with Disabilities Act ("ADA"). Dkt. No. 160.  Defendant BNSF took the injunction up to the Ninth Circuit, which issued an order (1) upholding the grant of injunctive relief and (2) remanding the matter to this Court to make findings of fact relative to the proper scope of the injunction.  EEOC v. BNSF Rwy. Co., 902 F.3d 916; Dkt. No. 176, Order and Amended Opinion at 27-28.  The Ninth Circuit denied BNSF's request for rehearing (Case No. 16-35457, Dkt. No. 49), then granted a stay of its mandate (Id., Dkt. No. 51) so that Defendant could file a petition for *certiorari* to the Supreme Court.

BNSF filed its petition for *certiorari* with the Supreme Court on February 27, 2019; on November 12, 2019, the petition was denied. Id., Dkt. No. 56-1.  On December 4, 2019, the Ninth Circuit issued its mandate that its previous order take effect as of that date.  Two days later, BNSF filed a "Motion to Recall Mandate," alleging that during the pendency of the petition for *certiorari* the EEOC "admitted that it lacked the evidence necessary to prevail at all on its claims against BNSF," rendering the matter moot. Id., Dkt. No. 57 at 3.  On December 9, 2019,

1   BNSF filed a "Motion to Vacate for Mootness" with the Ninth Circuit. Id. at Dkt. No. 58-1.

2   Both were opposed by the EEOC.

3       On December 17, 2019, the Ninth Circuit denied BNSF's motions. Id., Dkt. No. 61.

4   ("We will recall a mandate only in 'extraordinary circumstances.' [*citations omitted*.] The

5   extraordinary circumstances necessary to justify recalling a mandate are not present here.")

6       Upon remand of the matter to this Court, the parties were directed to file an updated

7   status report. In that joint status report, Def re-asserted its position that events following the

8   issuance of the appellate opinion either mooted the case or entitled Defendant to Rule 60(b)

9   relief from the injunction, and requested leave to brief those issues. Dkt. No. 185 at 4-6. The

10  Court viewed Defendant's request as outside the scope of the Ninth Circuit's mandate, and thus

11  improper; a schedule for discovery and briefing of the issue on remand was instead entered. Dkt.

12  No. 186. When Defendant responded by filing a request for leave to move the court for

13  dismissal (lack of subject matter jurisdiction) and relief under Rule 60(b) (Dkt. No. 187), the

14  Court characterized it as an untimely motion for reconsideration and denied the motion. Dkt.

15  No. 188.

16      Before the Court now is Defendant's motion for reconsideration of that denial.

17  **Discussion**

18      At issue here is the intersection between the "rule of mandate" doctrine and the twin

19  concepts of mootness and the absence of subject matter jurisdiction.

20      The rule of mandate doctrine provides:

21  > When a case has been once decided by this court on appeal, and remanded
22  > to the [district court], whatever was before this court, and disposed of by
     > its decree, is considered as finally settled. The [district court] is bound by
23  > the decree as the law of the case, and must carry it into execution
     > according to the mandate. That court cannot vary it, or examine it for any
24  > other purpose than execution; or give any other or further relief; or review

> it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. . . . But the [district court] may consider and decide any matters left open by the mandate of this court . . . .

In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56 (1895).

Beyond consideration of "any matters left open by the mandate of this court" is the legal axiom that mootness and lack of subject matter jurisdiction may be raised at any time.

> Lack of subject matter jurisdiction may be raised at any time because the parties cannot, by their consent, confer jurisdiction upon a federal court in excess of that provided by Article III of the United States Constitution.
> * * *
> Mootness is grounds to dismiss an action at any time, because there is no longer a case or controversy for purposes of Article III…

Hill v. Blind Indus. & Servs., 179 F.3d 754, 757 (9th Cir. 1999). *See also* Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989).[1]

The EEOC makes much of the fact that Ninth Circuit denied the identical motions that BNSF wishes to bring in this forum; the Court does not find this significant. The Ninth Circuit had lost jurisdiction (by virtue of issuing its mandate) at the time that BNSF moved to recall the mandate and vacate on the grounds of mootness. That the appellate court did not find the "extraordinary circumstances" required to vacate the mandate does not mean the motions were without legal merit, only that the circumstances were not present for the upper court to

---

[1] "[M]ootness is a jurisdictional defect. Thus, this court may not decide the merits of a moot case, regardless of whether it was mooted before or after the entry of judgment. Furthermore, the fact that mootness is a jurisdictional defect means that it can be raised at any time either by the parties or by the court acting *sua sponte*. *See* Taxpayers for Vincent v. City Council, 682 F.2d 847, 849 n. 1 (9th Cir. 1982), *rev'd on other grounds*, 466 U.S. 789, 80 L. Ed. 2d 772, 104 S. Ct. 2118 (1984). Therefore, this court cannot be divested of its obligation to consider the issue of mootness on the grounds that the timing or manner in which a party has raised the issue is somehow procedurally improper."

adjudicate the issues.  Nor, obviously, did the Ninth Circuit consider the merits of those motions, making them matters of first impression before this Court.

The Ninth Circuit has made it clear that "the better approach is that the district court may consider motions to vacate once the mandate has issued."

> The Supreme Court approved this procedure in *Standard Oil Co. of California v. United States*, 429 U.S. 17, 50 L. Ed. 2d 21, 97 S. Ct. 31 (1976)… [O]nce the appellate mandate has issued, leave of this court is not required for district court consideration of a Rule 60(b) motion.

Gould v. Mut. Life Ins. Co., 790 F.2d 769, 772-73 (9th Cir. 1986)

In finding that "the district court incorrectly held the rule of mandate eliminated its jurisdiction here," the Ninth Circuit has observed that "[t]he mandate…'relates to the record and issues then before the court, and does not purport to deal with possible later events.' [*citation omitted*]  The district court had jurisdiction notwithstanding the mandate."  Marshall v. Stern (In re Marshall), 754 F. App'x 566, 568 (9th Cir. 2019).

The Court ventures no opinion at this stage on whether BNSF's proposed motions have merit, but they definitely concern "possible later events" and the Court agrees with Defendant that they should be considered as matters independent of the mandate of the Ninth Circuit which must be resolved before we can proceed to finalizing compliance with that mandate.

Defendant will file its motion(s) by no later than May 14; Plaintiff's response will be due on June 1 and Defendant's reply must be filed by June 5.  Within 10 days of the Court's ruling on Defendant's motion(s) (in the event that the case is still active), the parties will file a joint status report with a proposed schedule for responding to the mandate of the Ninth Circuit.

1

2  The clerk is ordered to provide copies of this order to all counsel.

3  Dated May 8, 2020.

4  *[signature]*

5  Marsha J. Pechman
   United States Senior District Judge

6

7

...